UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TOMAS ZAVALIDROGA, individually and as
power of attorney and medical proxy of
Margaret Zavalidroga,

                        Plaintiff,

    -v-                                5:17-CV-117
                                        (DNH/TWD)

MADISON COUNTY; MADISON COUNTY
SHERIFF DEPT.; ALLEN RILEY, Sheriff;
JOSHUA PAUL, Deputy Sheriff; JONATHAN
NOWAK, Correction Officer; CITY OF ONEIDA;
ONEIDA CITY POLICE DEPT.; DAVID MEEKER,
Oneida Police Chief; PAUL THOMPSON, Acting
Oneida Police Chief; SARAH PAUL, Oneida
Patrolman; ROBERT L. COWLES, Oneida
Deputy Fire Chief; M. BURGESS, Oneida Police
Investigator; ONEIDA CITY HOSPITAL; ANNE
KOPYTOWSKI, RN; JOHN KLISH; NANCY
KLISH; ANTHONY EPPOLITO, Oneida City
Judge; and LYNN M. MONDRICK, Oneida Court
Clerk,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

TOMAS ZAVALIDROGA
Plaintiff pro se
P.O. General Delivery
Old Forge, New York 13420


DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se plaintiff Tomas Zavalidroga, individually and as power of attorney and medical proxy of Margaret Zavalidroga, brought this civil rights action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3). On April 14, 2017, the Honorable Therese Wiley Dancks, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's amended complaint (ECF Nos. 11 and 11-1) be dismissed upon initial review, except as to plaintiff's Fourth, Eighth, and Fourteenth Amendment claims against defendants Riley and Nowak arising out of plaintiff's conditions of confinement in the Madison County Jail; plaintiff's amended complaint be dismissed as against defendants Eppolito, Mondrick, and Cowles with prejudice on absolute immunity grounds; plaintiff's amended complaint be dismissed as against the Madison County Sheriff's Department and Oneida City Police Department with prejudice; plaintiff's § 1983 claim for civil conspiracy regarding Margaret Zavalidroga be dismissed as against defendants John and Nancy Kish, Sarah Paul, Burgess, the Oneida City Hospital, Kopytowski, and all other defendants against whom plaintiff intended to assert the claim, for lack of subject matter jurisdiction under the Rooker-Feldman doctrine; plaintiff's § 1983 claims for false arrest or imprisonment and malicious prosecution be dismissed as against unidentified Madison County Sheriff's Department personnel, Burgess, and all other defendants against whom plaintiff intended to assert the claim, without prejudice under Heck; plaintiff's amended complaint be dismissed as against Madison County and the City of Oneida with prejudice as to all claims dismissed under the Rooker-Feldman doctrine, and without prejudice as to all claims dismissed under Heck and claims arising out of plaintiff's conditions of confinement; plaintiff's amended complaint be dismissed as against defendants Meeker and Thompson with leave to amend only as to

plaintiff's claims arising out of his conditions of confinement; plaintiff's conditions of confinement claims be dismissed as against Joshua Paul with leave to amend; and that the exercise of supplemental jurisdiction be declined over plaintiff's state law claims for false arrest or imprisonment, malicious prosecution, conversation, and slander.

Plaintiff submitted timely objections to the Report-Recommendation as well as requested an extension of time to submit a "correction" to his objection. He then submitted an amended objection after the deadline to submit objections expired on May 1, 2017. As plaintiff is proceeding pro se and his submission was less than one week late and he did submit a timely first round of objections as well as seek an extension of time, his additional objections will be considered.

Based upon a de novo review of the portions of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. The amended complaint is DISMISSED in its entirety except as to the Fourth, Eighth, and Fourteenth Amendment claims against Riley and Nowak arising out of plaintiff's conditions of confinement in the Madison County Jail;

2. The claims against Eppolito, Mondrick, Cowles, the Madison County Sheriff's Department, and the Oneida City Police Department are DISMISSED with prejudice;

3. The § 1983 claim for civil conspiracy regarding Margaret Zavalidroga against John and Nancy Kish, Sarah Paul, Burgess, the Oneida City Hospital, Kopytowski, and all

other defendants against whom plaintiff intended to assert the claim, is DISMISSED under the Rooker-Feldman doctrine;

      4.  The § 1983 claims for false arrest or imprisonment and malicious prosecution asserted against unidentified Madison County Sheriff's Department personnel, Burgess, and all other defendants against whom plaintiff intended to assert the claim, is DISMISSED without prejudice;

      5.  The claims against Madison County and the City of Oneida are DISMISSED with prejudice as to all claims dismissed under the Rooker-Feldman doctrine, and without prejudice as to all claims dismissed under Heck v. Humphrey and claims arising out of plaintiff's conditions of confinement;

      6.  The claims against Meeker and Thompson are DISMISSED with leave to amend only as to plaintiff's claims arising out of his conditions of confinement;

      7.  The claims against Joshua Paul are DISMISSED with leave to amend;

      8.  The exercise of supplemental jurisdiction is declined over plaintiff's state law claims for false arrest or imprisonment, malicious prosecution, conversation, and slander; and

      9.  Plaintiff will have thirty (30) days in which to file an amended complaint, should he choose, as to those claims which are being dismissed with leave to amend. In the event plaintiff submits an amended complaint including those claims which may now proceed and any other claims for which he has been granted leave to amend, the file will be referred back to Magistrate Judge Dancks for review of the amended complaint.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: July 6, 2017
       Utica, New York.